# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:05-cr-165-Orl-31GJK

**JAMES ROOSEVELT LEE**

## ORDER

This Matter comes before the Court without a hearing on the Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 227), the Government's Response in Opposition (Doc. 229), and the Defendant's Reply (Doc. 232).

On January 11, 2006, the Defendant was convicted of possession with intent to distribute a quantity of five grams or more of cocaine base and possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(b)(1)(C). The Defendant moves to reduce his sentence based on Section 404(b) of the First Step Act.

Section 404(b)[1] of the First Step Act retroactively applies the Fair Sentencing Act of 2010's reduction in the crack/powder cocaine sentencing disparity to those defendants who were sentenced for "covered offenses" prior to the passage of the Fair Sentencing Act. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

---

[1] Section 404(b) states: "A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

Simply put, Lee is a defendant who was sentenced for a covered offense prior to the passage of the Fair Sentencing Act. The Government disagrees, explaining that, when Lee was charged, "an indictment seeking penalties under Section 841(b)(1)(B) only needed to allege that the offense involved five or more grams of crack cocaine." Doc. 229 at 8. The new statutory language requires that the indictment allege that the offense involves twenty-eight or more grams of crack cocaine. Lee was deemed responsible for forty-one grams of crack cocaine. *See id.* The Government theorizes that, had the threshold quantity of twenty-eight grams applied when Lee was charged, he would have been "subject to the enhanced penalties of section 841(b)(1)(B) that app[lied] to that quantity," and thus, the First Step Act should not apply to Lee's case. *See id.*

As the Government acknowledged in its Response, "courts have arrived at varying interpretations of the First Step Act." Doc. 229 at 9. The Government argues that the factual statements in the PSR, rather than the crime with which Lee was charged, should determine the applicability of Section 404(b). However, a court in the Middle District of Florida has found that Fair Step Act eligibility depends on the offense of conviction. *See United States v. Allen*, No. 8:00-cr-378-T-26AAS and *United States v. Mikell*, No. 8:94-cr-133-T-26EAJ. This Court agrees.

What Lee would have been charged with if the law had been different is irrelevant. The Court will not now assume that Lee would have been charged with a crime that did not exist at the time of his conviction. *See, e.g., United States v. Allen*, 8:00-cr-378-RAL-AAS, Doc. 69 at 11 (M.D. Fla. 2019) (transcript of February 19, 2019 hearing). What matters for purposes of the First Step Act is the language in the indictment. *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("This argument is not persuasive, however, because it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."). The Government describes Section 404(b) as being triggered by the particular details or

circumstances of a violation (or "relevant conduct") rather than "the defendant's statute of conviction." Doc. 229 at 5.  Section 404(b) says nothing about relevant conduct. *Cf. Allen*, Doc. 69 at 14. A covered offense is one that violates a federal statute; it is that conviction, and not underlying relevant conduct, that determines eligibility under the plain language of the First Step Act.

For the foregoing reasons, the Defendant's Motion to Reduce Sentence (Doc. 227) is hereby **GRANTED**. The Court **REDUCES** the Defendant's sentence to a term of time served, to be followed by a term of six (6) years of supervised release. The Courtroom deputy clerk is requested to furnish the Court with an amended judgment in a criminal case reflecting this reduction in Defendant's sentence.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant